PROB 12B
(7/93)



# FILED
## DISTRICT COURT OF GUAM

*United States District Court*

for

FEB - 7 2006

## MARY L.M. MORAN
## CLERK OF COURT

*District of Guam*

## Report for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearings is Attached)

Name of Offender   **E.J. DeOro aka Erlinda Jane DeOro**      Case Number: **CR-99-00044-001**    *96 nba*

Name of Sentencing Judicial Officer:      Jack D. Shanstrom

Date of Original Sentence:      May 28, 1998

Original Offense:      Possession with Intent to Distribute Crystal Methamphetamine and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

Original Sentence:      78 months imprisonment followed by a four year term of supervised release with the following special conditions: participate in a program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of narcotics use or abuse; obtain and maintain gainful employment; perform 300 hours of community service; and pay a $50 special assessment fee.

Type of Supervision:      Supervised Release      Date Supervision Commenced:      December 24, 2003

## PETITIONING THE COURT

☐   To extend the term of supervision for _____ years, for a total term of _____ years.

☒   To modify the conditions of supervision as follow

1.      The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

ORIGINAL

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender                                                                    page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens , No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Erlinda DeOro's history of drug use, and the drug detection period of her drug of choice. As methamphetamine is the offender's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Ms. DeOro's mandatory condition to set the maximum number of tests she must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Ms. DeOro paid the $50 special assessment fee on October 2, 1998. She completed the substance abuse treatment program on June 10, 2005. She is employed and performing community service.

Based on the information above, the probation officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Ms. DeOro's consent to the modification.

Reviewed by:                                                                    Respectfully submitted,

ROSSANNA VILLAGOMEZ-AGUON                              by: GRACE D. FLORES

U.S. Probation Officer                                                      U.S. Probation Officer
Supervision Unit Leader

Date: 2/2/06                                                                    Date: Feb. 2, 2006

THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☑ The Modification of Conditions as Noted Above.

☐ Other        Issuance of a:      ☐ Summons        ☐ Warrant

**RECEIVED**

FEB - 6 2006

DISTRICT COURT OF GUAM
HAGATNA, GUAM

LARRY ALAN BURNS, District Judge
2-6-06
Date

# United States District Court

for

### District of Guam

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation, and at least two tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Witness: _____   Signed: _____
Grace D. Flores                              Erlinda Jane DeOro
U.S. Probation Officer                       Probationer or Supervised Releasee

03 NOV 05
_____
Date